## THE CHEROKEE.[1]

### (*District Court, D. South Carolina.* March 22, 1887.)

SALVAGE—SUIT TO RECOVER—PLEADING—AVERMENT OF OWNERSHIP.

In a suit for salvage, the libelant must allege specifically, and in a distinct article, who are the owners of the vessel alleged to have rendered the service in question. Ownership is, in a suit of this character, a material fact, and may become of essential importance to the respondent.

In Admiralty. Hearing on exceptions to libel.

*Mitchell & Smith,* for libelant.

*Bryan & Bryan,* for respondent.

SIMONTON, J. This is a motion, in the nature of a demurrer, as to the sufficiency of the libel. The libel begins in these words: "The libel of Thomas Young, owner of the steam-tug Monarch, of Charleston, for himself and all others, entitled against the S. S. Cherokee, in a cause of salvage, civil and maritime, alleges as follows: *First,*" etc. Nowhere in the allegations following this heading is it stated that Young is the owner of the tug Monarch; nor is his name mentioned or his ownership alluded to again. Upon this point respondent excepts to the libel. The ownership of the tug is a material fact, and it may become of essential importance in the protection of the respondent in obeying the decree of the court in this case. It should therefore be alleged in a distinct article, (Rule 23d, Adm.,) so that respondent may traverse it, if he be so advised, or at least may require proof of it. Even if this has not been adopted as the universal rule, it is better pleading, and this will be observed hereafter within this jurisdiction. It conforms to the opinion of the supreme court in *McKinlay* v. *Morrish,* 21 How. 343.

The libelant will amend his libel to meet this objection.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.